**DLD-019**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2723
_____

IN RE: NICHOLAS KYLE MARTINO,
                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:23-mc-00011)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 26, 2023

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: November 3, 2023)
_____

OPINION[*]
_____

PER CURIAM

      Pro se petitioner Nicholas Kyle Martino seeks a writ of mandamus to compel the District Court to rule on a petition and a motion he filed. For the reasons that follow, we will deny the mandamus petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In August 2022, the District Court approved several search warrants submitted by the Government in support of an ongoing criminal investigation into Martino. The warrants were sealed due to the nature of the investigation and were executed later that month. Martino has not been charged with any crime in connection with this investigation and several seized items have not yet been returned to him.

In April 2023, Martino initiated a civil action in the District Court with a petition to unseal the documents underlying the search warrants. He then filed a replevin motion seeking the return of his seized property, and a motion seeking to refer that motion to a District Judge. After the Government responded, the District Court entered an order on September 14, 2023, in which it: (1) granted Martino's request to refer his motion for replevin to a District Judge; (2) directed the District Court Clerk to file a copy of the motion for replevin for resolution in a related district court case; and (3) denied the motion for replevin as moot in this case. Those related proceedings remain ongoing. It appears that Martino's petition to unseal documents was referred to a Magistrate Judge in June 2023 and is currently pending.

Martino filed a mandamus petition in this Court on September 20, 2023, seeking a ruling on his motion to unseal documents and his motion to refer his motion for replevin to a District Judge. The petition was dated September 12, 2023 — two days before the District Court entered its order addressing the latter motion. He alleges that the District

Court has delayed ruling on his filings and seeks this Court's intervention with obtaining a decision on both motions.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "[M]atters of docket control . . . are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (citation omitted). However, a writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Martino's request for a ruling on his motion to refer his motion for replevin to a District Judge is moot; the District Court granted his motion and proceedings are continuing in a separate matter on his underlying request for replevin. As for his petition to unseal, the case is moving forward in the District Court. Because only a few months have passed since the petition was referred to a Magistrate Judge and the District Court recently addressed several other pending motions in the case, the extraordinary remedy of mandamus relief is not warranted at this time. We have full confidence that the District Court will rule on Martino's petition without undue delay.

Accordingly, we will deny Martino's mandamus petition.